UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-20158-KING

SAMIHA JABER,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD. d/b/a NCL,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon cross motions for summary judgment: Plaintiff SAMIHA JABER's Motion for Partial Summary Judgment (DE 79), filed on January 18, 2016, and Defendant NCL (BAHAMAS) LTD.'s Motion for Summary Judgment (DE 81), filed on January 25, 2016. Plaintiff has moved for partial summary judgment as to liability. Defendant has moved for dismissal. The motions are fully briefed.

### BACKGROUND

The undisputed material facts are as follows. The bunk beds on Defendant's ship, the *Norwegian Star*, were held up by a hydraulic support system that would loosen over time and cause the beds to no longer remain secure and upright. When the hydraulic support systems loosened, Defendant's policy was to have its carpenters drill a hole and insert a stabilizing pin.

While on a recreational voyage aboard the *Norwegian Star*, Plaintiff's bunk bed fell

1

open and struck her in the head.[1] Defendant had installed the pinhole mechanism in Plaintiff's bunk. In the days prior to the accident, the steward responsible for attending to Plaintiff's cabin noticed that the pin was missing. After the accident, the steward inspected the bunk and noticed that the pin was still missing.

Defendant argues that Plaintiff has failed to meet its burden on three grounds: (1) breach of a duty of care; (2) causation of injury; (3) notice of the dangerous condition. Plaintiff claims that it has met its burden as to liability and requests a trial on damages.

## LEGAL STANDARD

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only, admissions, interrogatory answers or other materials; or showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1). "In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine material fact and that it is entitled to judgment as a matter of law." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

---

[1] In past voyages, six other passengers on the *Norwegian Star* had reported being struck by falling bunk beds.[1]

2

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Further, the existence of a "scintilla" of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, a court need not permit a case to go to a jury when the inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible." *Matsushita*, 475 U.S. at 592-94; *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* The Court must also determine whether the dispute about a material fact is indeed genuine, that is, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see, e.g., Marine Coatings of Ala., Inc. v. United States*, 932 F.2d 1370, 1375 (11th Cir. 1991).

## DISCUSSION

### I. No genuine dispute as to any material fact regarding breach of duty of care

Defendant claims that there is no evidence that it breached a duty of care because the evidence shows that it routinely inspected the bunk, this particular bunk had not fallen open yet during this particular voyage, and the missing pin was just a gratuitous precautionary measure. However, there can be liability for negligence when the absence of a precautionary measure creates an unreasonable risk. Plaintiff cites to deposition testimony which shows that Defendant's employees responsible for maintaining the bunk were aware of the need for a pin to stabilize it and that the pin was missing. Plaintiff has adequately established that the failure of Defendant's employee to replace the pin, knowing it was missing, was unreasonable.

### II. No genuine dispute as to any material fact regarding causation of injury

Defendant argues that Plaintiff has not definitively proved that the missing pin was the cause of the bunk's collapse. However, Defendant admits that the pin was put in place to keep the bed upright and, without the pin, it fell on Plaintiff's head. The steward responsible for maintaining the bunk bed tacitly concedes that missing pin caused it to fall:

> Q: But if it hit her in the head clearly it wasn't holding?
> A: Yes sir.

DE 84-1 at 37. The mere insinuation, without citation to record evidence, that something other than the missing pin caused the bed to fall does not create an issue of disputed material fact as to causation. Plaintiff has adequately established with reference to record evidence that the absence of the pin was the cause of the fall.

4

### III. No genuine dispute as to any material fact regarding notice

Finally, Defendant argues that it had no notice and could not have known of the dangerous condition of the bunk because none of the ship's other falling bunks were located in Plaintiff's cabin. As previous courts have recognized in analogous situations, to require Plaintiff, as a prerequisite to imposing liability, to demonstrate that the cruise operator had actual or constructive notice of an unsafe condition which the cruise operator created would lead to an absurd result.[2] *See Rockey v. Royal Caribbean Cruises, Ltd.*, No. 99-CIV-708-GOLD, 2001 WL 420993, at *3 (S.D. Fla. Feb. 20, 2001).

Therefore, it is **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Motion for Partial Summary Judgment **(DE 79)** be, and the same is, hereby **GRANTED as to liability**, and Defendant's Motion for Summary Judgment **(DE 81)** be, and the same is, hereby **DENIED**. The trial scheduled on the two-week calendar commencing March 21, 2016, at 9:00 a.m., be, and the same is, hereby **CANCELLED** and **RESCHEDULED** for the two-week calendar commencing **April 18, 2016 at 9:00 a.m.**, at the at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor, Courtroom #2, Miami Florida.

---

[2] However, even if there were a notice requirement, six other passengers reported bunks falling on the same ship. Defendant did not need to be on notice that the *specific* bunk bed was faulty. Defendant's arguments regarding the absence of a duty to warn fail for the same reasons.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, in Miami, Miami-Dade County, Florida, this 2nd day of March, 2016.

																			/s/ James Lawrence King
																			JAMES LAWRENCE KING
																			UNITED STATES DISTRICT JUDGE

Cc: All counsel of record